UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 09-23386-CIV-JORDAN

| | |
|---|---|
| VIJAYA GOVINDARAJAN, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CARNIVAL CORPORATION, | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO DISMISS AND COMPEL ARBITRATION**

In September of 2009, Mr. Govindarajan, a citizen of India, was injured while working as a seaman on a vessel owned by Carnival Corporation, a Panamanian corporation. He sued Carnival in federal district court on various theories. In Count I, he alleges that Carnival was negligent in various ways (e.g., not providing him with a safe place to work) in violation of the Jones Act, 46 U.S.C. § 30104. In Count II, he asserts a claim for unseaworthiness under federal maritime law. In Count III, he claims, under federal maritime law, that Carnival failed to give him maintenance and cure. And in Count IV, he contends, again under federal maritime law, that Carnival failed to give him appropriate medical care after the injury.

Currently pending is Carnival's motion to dismiss and to compel arbitration [D.E. 14]. Carnival, relying mainly on *Bautista v. Star Cruises,* 396 F.3d 1289 (11th Cir. 2005), argues that arbitration is required. Mr. Govindarajan responds that, under *Thomas v. Carnival Corp.,* 573 F.3d 1113 (11th Cir. 2009), the arbitration agreement cannot be enforced. For the reasons which follow, I do not believe that arbitration can be compelled.

The employment agreement between Mr. Govindarajan and Carnival contains an arbitration clause and a choice of law clause. Those clauses read as follows:

> 7. <u>Arbitration</u>. Except for a wage dispute governed by CCL's Wage Grievance Policy and Procedure, any and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration under the American Arbitration Association/International Centre for Dispute Resolution International Rules, which Rules are deemed to be incorporated

> by reference into this clause. The number of arbitrators shall be one. The place of arbitration shall be London, England, Monaco, Panama City, Panama or Manila, Philippines, whichever is closer to Seafarer's home country. The Seafarer and CCL must arbitrate in the designated jurisdiction, to the exclusion of all other jurisdictions. The language of the arbitral proceedings shall be English. Each party shall bear its own attorney's fees, but CCL shall pay for the costs of arbitration as assessed by the AAA. Seafarer agrees to appear for medical examinations by doctors designated by CCL in specialties relevant to any claims Seafarer asserts, and otherwise the parties agree to waive any and all rights to compel information from each other.
>
> 8. <u>Governing Law</u>. This Agreement shall be governed by, and all disputes arising under or in connection with this Agreement or Seafarer's service on the vessel shall be resolved in accordance with the laws of the flag of the vessel on which Seafarer is assigned at the time the cause of action accrues, without regard to principles of conflicts of laws thereunder. The parties agree to this governing law notwithstanding any claims for negligence, unseaworthiness, maintenance, cure, failure to provide prompt, proper and adequate medical care, wages, personal injury, or property damage which might be available under the laws of any other jurisdiction.

[D.E. 14, Exh. A at ¶¶ 7-8]. According to Carnival, Mr. Govindarajan is a citizen of India and the vessel on which he worked, the *Miracle*, sails under a Panamanian flag. If this is correct, the arbitration would occur in Manila, Philippines under ¶ 7 of the employment agreement and Panamanian law would apply under ¶ 8.

*Bautista,* decided in 2005, involved lawsuits by seamen who had been injured as a result of an explosion on a cruise ship. The seamen sued the owner of the vessel and the parent company of the owner, seeking damages for negligence and unseaworthiness under the Jones Act, failure to provide maintenance and cure, and failure to properly pay wages. *See* 396 F.3d at 1292. An Eleventh Circuit panel held that, under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (also known as the New York Convention), 21 U.S.T. 2517, 330 U.N.T.S. 3, and its implementing legislation, 9 U.S.C. §§ 202-208, the seamen's claims had to be resolved at arbitration due to an arbitration clause in the respective employment agreements. First, the agreements required arbitration. Second, one of the parties was not an American citizen. *See id.* at 1294 n.7. Third, the employment agreements constituted commercial legal relationships under the Convention, regardless of the so-called "seamen exception" of the FAA, 9 U.S.C. § 1. *See id.* at 1296-1300. Fourth, the agreements were in writing and executed by the

seamen, and it did not matter that the seamen may not have read the arbitration language before signing the agreements. *See id.* at 1300-01. The panel also held that the seamen's claims of unconscionability -- which were based on the argument that the seamen had no bargaining power -- were insufficient to show that the agreements were "null and void" or "incapable of being performed" (two of the affirmative defenses under the Convention). *See id.* at 1302-03.

*Thomas,* a 2009 decision, concerned a seaman who was injured onboard two Carnival cruise ships and brought an action for damages in state court. The claims asserted were negligence under the Jones Act, unseaworthiness under federal maritime law, failure to provide maintenance and cure under federal maritime law, and failure to pay wages under the Seaman's Wage Act, 46 U.S.C. § 10313. Carnival removed the case to federal court, and sought to compel arbitration based upon an arbitration clause in the seaman's employment agreement (an agreement entered into after the seaman had served on one vessel and was working on a second vessel) *See* 573 F.3d at 1115-16. The district court compelled arbitration, but a panel of the Eleventh Circuit reversed. Although it concluded that the seaman's employment agreement was governed by the Convention, *see id.* at 1117, it held that the arbitration clause only applied to disputes arising after the agreement with the arbitration clause was executed. *See id.* at 1118. That meant that the only claim possibly subject to arbitration was the claim under the Seaman's Wage Act for wages not paid for work on the second vessel. *See id.* at 1119-20. As to that remaining claim, the panel ruled that application of the arbitration clause – under which disputes would be arbitrated in the Philippines and resolved under Panamanian law – would be void against the public policy of the United States (an affirmative defense under Article V(2)(B) of the Convention) because it forced the seaman to essentially waive his American statutory rights (which provided for the possibility of treble damages) through arbitration in a forum (the Philippines) that must apply non-U.S. law (Panamanian law). *See id.* at 1120-24. The panel, given its reading of Supreme Court precedent, indicated that "arbitration clauses should be upheld if it is evident that either U.S. law definitely will be applied or if, there is possibility that it might apply *and* there will be later review." *See id.* at 1123.

The language of the arbitration and choice of law clauses in *Thomas* is similar, if not identical, to the language of the arbitration and choice of law clauses in the employment agreement here. *Bautista,* moreover, did not address whether arbitration would be against U.S. public policy.

3

*See Bautista,* 396 F.3d at 1301-03 (analyzing other affirmative defenses in the Convention). As a result, Mr. Govindarajan argues that the rationale of *Thomas* controls, and that the arbitration and choice of law clauses cannot be enforced to deprive him of his federal statutory rights. Carnival sees things differently. Because *Bautista* required arbitration of Jones Act, unseaworthiness, and maintenance and cure claims, Carnival believes that *Bautista* is the controlling precedent, and that it requires that Mr. Govindarajan be compelled to arbitrate his claims. In Carnival's view, *Thomas* addressed only whether arbitration of a claim under the Seaman's Wage Act claim was appropriate. *See Thomas,* 573 F.3d at 1124 ("we find the Arbitration Clause requiring arbitration in the Philippines under Panamanian law null and void as it relates to Thomas' Seaman's Wage Act claim"); *id.* at 1120 n.9 (declining to address whether arbitration of seaman's Jones Act claim would be null and void because arbitration clause did not apply to that claim).[1]

The issue is not an easy one, because *Bautista* and *Thomas* seem to be like ships passing in the night,[2] and the *Thomas* panel may not have realized the theoretical implications of its decision on *Bautista*. Nevertheless, I agree with the majority of my colleagues in this District and conclude (1) that *Thomas* is not limited to claims under the Seaman's Wage Act, (2) that *Thomas* applies to both statutory and non-statutory claims, and (3) that the arbitration clause in this case is not enforceable under the Convention given that Panamanian law, and not U.S. law, will be applied in any arbitration proceeding under the choice of law clause (which is null and void under *Thomas*). Rather than restate their analyses, I adopt the relevant discussions by Chief Judge Moreno, Judge Ungaro, Judge Gold, Judge Huck, and Judge Altonaga in their recent opinions. *See, e.g., Matthews v. Princess Cruise Lines, Ltd.,* 2010 WL 2681400, *4 (S.D. Fla. 2010) (Judge Gold); *Watt v. NCL (Bahamas) Ltd.,* 2010 WL 2403107, *2 (S.D. Fla. 2010) (Chief Judge Moreno); *Dockeray v. Carnival Corp.,* 2010 WL 2813803, *7-*9 (S.D. Fla. 2010) (Judge Altonaga); *Sivandi v. NCL*

---

[1] The parties do not dispute that the employment agreement and the arbitration clause at issue are generally governed by the Convention.

[2] "Ships that pass in the night, and speak each other in passing, Only a signal shown, and a distant voice in the darkness[.]" Henry Wadsworth Longfellow, "The Theologian's Tale: Elizabeth," Part IV, stanza 1 (1874).

*(Bahamas) Ltd.,* 2010 WL 1875685, *3-*4 (S.D. Fla. 2010) (Judge Ungaro); *Krstic v. Princess Cruise Lines, Ltd.,* 2010 WL 1542083, *4-*6 (S.D. Fla. 2010) (Judge Gold); *Kovacs v. Carnival Corp.,* 2009 WL 4980277, *1 (S.D. Fla. 2009) (Judge Huck). *Accord Mayakan v. Carnival Corp.,* 2010 WL 2367228, *5 (M.D. Fla. 2010) (Judge Presnell).[3]

I recognize that a defendant like Carnival may be able to avoid the effect of *Thomas* if it stipulates to the applicability of U.S. law, *see Gawin v. Princess Cruise Lines, Ltd.,* 2009 WL 6364038, * 1 (S.D. Fla. 2009) (Judge Ungaro), but here Carnival has not made any such stipulation. In fact, Carnival has argued that the employment agreement should be enforced as written, so that Mr. Govindarajan would be required to arbitrate his claims in the Philippines under Panamanian law.

There is also the possible argument that a choice of law provision like the one here can be severed -- after it is found to be null and void under Article V of the Convention -- so as to give the remaining arbitration clause effect. *See, e.g., Matthews,* 2010 WL 2681400, at *4. In fact, the employment agreement here contains a severability clause [D.E. 14, Exh. A at ¶ 9]. Carnival, however, has never argued that the choice of law clause is severable (and should be severed) from the arbitration clause, and I will not compel arbitration on an argument not made by the party seeking arbitration.

Finally, I note that both Carnival and Mr. Govindarajan have taken all-or- nothing positions on arbitration given their readings of *Bautista* and *Thomas:* Carnival wants all claims sent to arbitration, while Mr. Govindarajan wants all claims litigated here. Although there is an arguable basis for distinguishing between statutory and non-statutory claims under *Thomas,* I will not embark on an analysis not proposed by either side.

---

[3] Some of my colleagues have compelled arbitration of Jones Act and non-statutory claims under *Batista,* even after *Thomas. See, e.g., Willis v. Carnival Corp.,* Case No. 10-20732-Civ-JLK, Order at 3 (Judge King); *Bulgakova v. Carnival Corp.,* Case No. 09-200230-Civ-PAS, Order at 5 (Judge Seitz); *Pineda Lindo v. NCL (Bahamas) Ltd.,* Case No. 09-22926-Civ-DLG, Order at 7-8 (Judge Graham). Though not without some hesitation, I think the cases cited in the text are better reasoned.

Carnival shall answer the complaint by August 30, 2010, and the parties shall file a joint scheduling report no later than September 3, 2010.

DONE and ORDERED in chambers in Miami, Florida, this 17th day of August, 2010.

_/s/ Adalberto Jordan_
Adalberto Jordan
United States District Judge

Copy to:    All counsel of record